IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00048-MR-WCM

| | |
|---|---|
| NIGHTINGALE NURSING SERVICES INC., ) ) ) Plaintiff, ) ) v. ) ) CAROLINA PINES AT ASHEVILLE ) LLC, ) ) Defendant. ) ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Partially Dismiss Complaint (the "Partial Motion to Dismiss," Doc. 7), which has been referred to the undersigned for the entry of a recommendation.

I. Relevant Procedural Background

Nightingale Nursing Services Inc. ("Plaintiff") filed its Complaint in the Superior Court of Buncombe County, North Carolina on January 10, 2024. Doc. 1-1.

Carolina Pines at Asheville, LLC ("Defendant") removed the matter on February 12, 2024 on the basis of diversity jurisdiction. Doc. 1; see also Docs. 3, 6.

1

Defendant filed the Partial Motion to Dismiss and an Answer on February 20, 2024. Docs. 7, 9. Plaintiff responded, Doc. 11, but Defendant did not reply and the time for doing so has expired.

## II. The Complaint

Plaintiff alleges as follows:

Plaintiff is a healthcare staffing company that provides nursing services to nursing home facilities across North Carolina. Doc. 1-1 at ¶ 1.

Defendant operates a nursing home facility in Asheville, North Carolina. Id. at ¶ 2.

In June of 2022, Plaintiff and Defendant entered agreements by which Plaintiff agreed to provide nursing services at Defendant's Asheville facility ("the Agreements," Doc. 1-1 at 6–20). Doc. 1-1 at ¶ 5.

Plaintiff alleges that Defendant "failed to make full and timely payment on thirteen (13) invoices" submitted by Plaintiff. Id. at ¶¶ 7–8.[1]

Plaintiff has asserted a breach of contract claim and an alternative claim for unjust enrichment/*quantum meruit*. Id. at ¶¶ 9–20.

---

[1] The Agreements, as well as a spreadsheet reflecting what Plaintiff describes as the subject invoices and associated balances (Doc. 1-1 at 21), are attached to the Complaint. These documents may be considered in the context of the Partial Motion to Dismiss. Sec'y of State for Defence v. Trimble Navigation, Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002).

## II. Legal Standard

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

III. Discussion

Defendant moves to dismiss Plaintiff's unjust enrichment claim, arguing that "the entire dispute" centers on the Agreements. Doc. 8 at 4.

"In North Carolina, unjust enrichment is premised on the 'equitable principle that a person should not be permitted to enrich himself unjustly at the expense of another.'" Viza Elecs., LLC v. Paradigm Clinical Rsch. Inst., Inc., No. 3:22-cv-49-MOC-DCK, 2022 WL 4459836, at *7 (W.D.N.C. Sept. 23, 2022) (quoting Atl. Coast Line R. Co. v. State Highway Comm'n, 268 N.C. 92, 96 (1966)); see also Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd., 72 F. App'x 916, 920 (4th Cir. 2003).[2] "As a general statement of law, …. [a] claim for unjust enrichment cannot exist where a contract governs." GB Grp., LLC v. Bulldog Nat'l Risk Retention Grp., Inc., No. 5:23-CV-00029-BO, 2023 WL 9514088, at *6 (E.D.N.C. Dec. 27, 2023) (citing Booe v. Shadrick, 322 N.C. 567, 571 (1988)).

However, "Rule 8 of the Federal Rules of Civil Procedure permits alternative and inconsistent pleading. Thus, … [a] claim for unjust enrichment does not fail merely because it is pleaded in the alternative" to a contract claim. Id. (citing Shriners Hosps. for Child. v. Shaver, No. 2:20-CV-10, 2021 WL

---

[2] A federal court exercising diversity jurisdiction applies the substantive law of the state in which it sits. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 592, 594 (4th Cir. 2004) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)).

641433, at *10 (E.D.N.C. Feb. 18, 2021); Apex Tool Grp., LLC v. Cydres, LLC, No. 3:23-CV-00236, 2023 WL 7490146, at *6 (W.D.N.C. Nov. 12, 2023)).

The undersigned will therefore recommend that the Partial Motion to Dismiss be denied. See Viza Elecs., LLC, 2022 WL 4459836, at *7 (A court "'may refuse to dismiss an unjust enrichment claim and allow the claim to proceed as an alternative theory despite defendants' argument that an express contract governed the parties' relationship.'") (quoting Urbino v. Ambit Energy Holdings, LLC, No. CIV.A. 14-5184 MAS, 2015 WL 4510201, at *7 n.8 (D.N.J. July 24, 2015)); GB Grp., 2023 WL 9514088, at *6; Borgwarner Thermal Sys., LLC v. Centurion Cap. Invs., LLC, 1:22-cv-00223-MR-WCM, 2023 WL 5828959, at *9 (W.D.N.C. Aug. 8, 2023) recommendation adopted, 2023 WL 5808916 (W.D.N.C. Sept. 7, 2023)).

## IV. Recommendation

For the reasons set out above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Partial Motion to Dismiss (Doc. 7) be **DENIED**.

Signed: May 31, 2024

W. Carleton Metcalf
United States Magistrate Judge

5

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).