IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00048-MR-WCM

| | | |
|---|---|---|
| NIGHTINGALE NURSING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| CAROLINA PINES AT ASHEVILLE, LLC, | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's "Opposition to Jury Trial and Motion to Strike Demand for Jury Trial as Untimely" (the "Motion to Strike," Doc. 26).

I. Relevant Background

On January 10, 2024, Plaintiff Nightingale Nursing Services, Inc. ("Plaintiff") filed its Complaint against Carolina Pines at Asheville LLC ("Defendant") in state court for breach of contract and unjust enrichment. Plaintiff's Complaint did not include a jury demand. Doc. 1-1.

Defendant removed the matter on February 12, 2024. Doc. 1.

On February 20, 2024, Defendant filed an Answer to the Complaint, as well as a Partial Motion to Dismiss. Docs. 7, 8, 9. Defendant did not include a jury demand in its Answer.

1

On July 1, 2024, the Partial Motion to Dismiss was denied, and thereafter the parties were instructed to conduct an initial attorneys' conference. See Doc. 18. The deadline for that conference was subsequently extended, at the parties' joint request, to allow them an opportunity to conduct early settlement discussions in this matter as well as in two other cases.

An early mediation did not result in a settlement and, therefore, on July 25, 2024, the parties filed their report of initial attorneys' conference (the "Report," Doc. 20). That Report did not reference a jury demand by either party.

On August 9, 2024, the undersigned conducted an initial pretrial conference with counsel for the parties. The question of whether this matter would be tried through a bench trial or a jury trial was not discussed.

On August 12, 2024, and in order to finalize a Pretrial Order and Case Management Plan, the undersigned by text order directed the parties to file statements advising whether a jury trial was requested.

Plaintiff filed a notice of jury trial request on August 16, 2024 (the "Notice," Doc. 24). A Pretrial Order, which indicated this matter would proceed by way of a jury trial, was entered shortly thereafter. Doc. 25. Subsequently, Defendant filed the Motion to Strike. Doc. 26.

Plaintiff has responded, and Defendant has replied. Docs. 28, 30.

## II. Discussion

Rule 38 of the Federal Rules of Civil Procedure provides in part that "[o]n any issue triable of right by a jury, a party may demand a jury trial by (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served...." Fed. R. Civ. P. 38(b). The Rule further states that a "party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Here, Plaintiff did not make a demand for a jury trial when it originally filed this case in state court, or request a jury trial anytime thereafter, until filing the Notice. In that regard, Plaintiff states that, after reviewing the August 12 text order, it "decided, based on information it obtained over the course of this litigation only long after Defendant filed their answer, that it would like the case to be heard before a jury." Doc. 28 at 2. Additionally, Plaintiff argues that by entering the Pretrial Order, the Court treated Plaintiff's Notice "as a request for a jury trial notwithstanding a waiver, and, in its discretion, granted the request in the scheduling order." Id. at 4-5.

Respectfully, this argument overreads the August 12, 2024 text order and the subsequent Pretrial Order. The text order was intended to clarify the status of any jury demand so the Pretrial Order could be finalized; the Court did not state that it was acting *sua sponte* to extend Plaintiff's deadline to make such a demand under Rule 38, nor did it intend to do so.

Accordingly, and having reviewed the Motion to Strike, the related briefing, and applicable authorities, the undersigned concludes that Plaintiff has waived its right to a jury trial and that the Motion should be allowed.[1]

**IT IS THEREFORE ORDERED THAT**:

1. The Motion to Strike (Doc. 26) is **GRANTED**, and Plaintiff's request for jury trial (Doc. 24) is **DEEMED INEFFECTIVE**.

2. The Pretrial Order and Case Management Plain (Doc. 25) is **AMENDED** to indicate that this matter will proceed by way of a bench trial. All other provisions of the Pretrial Order and Case Management Plan remain in effect.

Signed: September 24, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[1] Pursuant to Rule 39(b), a court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39. While Plaintiff's opposition to the Motion to Strike, as well as Defendant's reply, reference this provision, the Local Rules prohibit motions from being included in responsive briefs and Plaintiff has not otherwise made a motion that seeks relief under Rule 39. L.Cv.R. 7.1(c)(2). Consequently, the undersigned has not addressed the question of whether a jury trial should be ordered, notwithstanding Plaintiff's waiver.